By the Court, Bronson, J.
The question is not whether the attorney and master shall be paid for their services in taking the deposition; but whether their fees can be taxed against the plaintiff. We think they cannot. The witness was examined Under the statute to perpetuate testimony. (2 R. S. 398, Art. 5.) A suit was then pending; but that is a matter of no im *496 portance, for the witness might have been examined if a suit had only been expected. (Id. § 33.) And although the action has terminated, the deposition may hereafter be read in evidence on a trial between the same parties, or between persons claiming under them in a suit to be hereafter commenced. (Id. § 39.) The examination of the witness was not strictiy a proceeding in the cause, but only a measure of precaution for preserving evidence which might otherwise have been lost; and it did hot differ essentially from looking up witnesses, or procuring documents and exemplifications which might in a possible event be necessary to a defence against the opposite party. If the witness had been examined conditionally under the first article of the same title, (Id. p. 391,) and the deposition had been read on the trial, the fees of the attorney and officer might probably have been taxed against the plaintiff;(a) but this was a proceeding under another branch of the statute. I lay no stress upon the fact that the deposition was not read at the trial; for whether used or not, I think the fees for taking it cannot be charged against the opposite party.
It is said that some of the items may be allowed; and we are referred to the act of 1840, which gives a fee of two dollars to the attorney for procuring an order for the examination of a witness out of court, and one dollar for attendance oh the examination of a witness out of court. (Sess. Laws of l840, p. 329, 330.) This may refer to cases where the witness is examined by consent, and where the deposition is taken conditionally under the first arti *497 cle. But I think it does not extend to a case where the deposition is taken under the statute to perpetuate testimony. All the items for that service must be stricken out of the bill as taxed.
Ordered accordingly.

 As to these and similar costs under the law as it Stood previous to the new fee bill of 1840, see Comen & Hill’s Notes to Phill. Ev. 40, and the cases there cited; Grath. Pr. 602, 2d ed.; Bank of St. Albans v. Knickerbocker, (7 Wend. 532.) In Massachusetts, where a deposition taken in a cause de bene esse was not used at the trial for which it was originally intended, the witness being then present and sworn, but at a subsequent trial lie was absent, and the deposition was therefore read; held, that the expense of taking it was taxable, though otherwise, had the de-, position not been used. In South Carolina, the costs of commissions issued for the examination of material witnesses are taxable, notwithstanding the depositions are not used in consequence of being rendered unnecessary by evidence introduced in an, tieipation on the other side. (Furman v. Peay, 2 Bailey’s Rep. 612.)